IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:14-CR-78-1-BO
No. 7:14-CR-78-2-BO

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.   )<br>)<br>VICTOR FRANCISCO VALLADARES )<br>JUSTICE DEVON PRICE )  | **O R D E R** |

This matter is before the Court regarding a potential conflict of interest. The Court held a *sua sponte* hearing pursuant to Federal Rule of Criminal Procedure 44(c) in Raleigh, North Carolina on September 12, 2014, to inquire as to whether joint representation of two co-defendants constituted a conflict of interest. Following briefing from both parties, the Court finds that a serious potential conflict exists and defense counsel is disqualified from representing the defendants in this matter.

## BACKGROUND

The underlying facts in this case are undisputed. Defendants Victor Valladares and Justice Price are charged in a thirty-one count indictment containing numerous drug trafficking and money laundering charges. [DE 1]. Specifically, Mr. Valladares is charged in counts one, twelve, and sixteen through thirty with conspiracy to distribute heroin and phencycline (PCP), possession with intent to distribute 3, 4-methylenedioxymethamphetamine (MDMA), distribution of PCP and heroin, and money laundering. [*Id.*]. Mr. Price is charged in counts one, eleven, twelve, and twenty-five with conspiracy to distribute heroin and PCP, possession with intent to distribute MDMA, and distribution of heroin. [*Id.*]. Some of the charges in the indictment arise out of a traffic stop conducted on January 26, 2014, during which both Mr. Valladares and Mr. Price were in the stopped vehicle. [DE 98 at 3, 109 at 1]. Mr. Price retained

1

Attorney Wright to assist on state charges giving rise to the federal indictment in January 2014. [DE 109 at 1]. Both defendants first spoke to Attorney Wright regarding federal representation on September 3, 2014. [*Id.* at 2]. Attorney Wright stated he had been retained by both defendants in federal court on September 10, 2014, but did not file notices of appearance until September 26, 2014. [DE 83, 106, 107].

## DISCUSSION

"Federal courts have an independent interest in ensuring that criminal trials are conducted within the ethical standards of the profession and that legal proceedings appear fair to all who observe them." *Wheat v. United States*, 486 U.S. 153, 160 (1988). "[W]hen a district court detects conflicts of interest, that court must take whatever steps are necessary 'to ascertain whether the conflicts warrant separate counsel.'" *United States v. Williams*, 81 F.3d 1321, 1324 (4th Cir. 1996) (quoting *Wheat*, 486 U.S. at 160). In *Wheat*, the question presented to the Court was the "extent to which a criminal defendant's right under the Sixth Amendment to his chosen attorney is qualified by the fact that the attorney has represented other defendants charged in the same criminal conspiracy." *Id.* at 159. The question presented to this Court is analogous to that addressed by the Supreme Court in *Wheat*. In that case, one attorney represented multiple co-defendants charged with trafficking thousands of pounds of marijuana from Mexico to several locations in southern California. *Id.* at 154. The district court was particularly troubled by the conflict rules and ethical proscriptions that would render counsel unable to properly cross-examine the co-defendants when they were called to testify at each other's trial. *Id.* at 164.

It was clear to that court, and is clear to this Court, that cross-examining one co-defendant for the benefit of another may require counsel to elicit responses from the testifying defendant that negatively impact his own defense. On the other hand, a failure to vigorously

2

cross-examine the testifying witness would necessarily diminish counsel's advocacy for the defendant on trial. This is an especially grave concern when the co-defendants have varying levels of culpability and where counsel has obtained relevant privileged communications from both of his clients. In *Wheat*, defense counsel insisted that proffering to the court waivers signed by the affected defendants would cure any conflict arising from the joint representation. *Id.* at 160. Writing for the Court, Chief Justice Rehnquist resolved that "where a court justifiably finds an actual conflict of interest, there can be no doubt that it may decline a proffer of waiver, and insist that defendants be separately represented." *Id.* at 162. The *Wheat* court did not stop there. Rehnquist continued that because district courts do not have the benefit of hindsight, they must be given "substantial latitude" in refusing conflict waivers even where only the potential for conflict has been identified. *Id.* at 163.

Here, the serious potential for conflict is very real and harmful to both codefendants. Under Rule 1.7 of the North Carolina Rules of Professional Conduct, a lawyer is prohibited from representing a client "if the representation involves a concurrent conflict of interest," which is defined as where either "the representation of one client will be directly adverse to another" or where "the representation of one or more client may be materially limited by the lawyer's responsibilities to another client . . . ." While Mr. Wright alleges that both defendants will definitely maintain their innocence and proceed to trial, it is impossible to predict the future with total accuracy. *See Wheat*, 486 U.S. at 162–63 ("[N]ascent conflicts of interest are notoriously hard to predict"). As in *Wheat*, the Court is concerned with counsel's impaired ability to properly cross-examine the co-defendant should one of the two decide to go to trial, or to advise one or both defendants on whether to enter a plea agreement. Additionally, Mr. Valladares is charged in seventeen counts of the indictment, while Mr. Price is charged in four. Given the differing levels

3

of culpability, this conflict pervades the entirety of defense's strategy, from setting forth basic facts to eliciting testimony that shifts blame from one co-defendant to the other. The Court is further concerned by the nature and extent of any confidential information that may have been obtained from each defendant. Attorney Wright has advised Mr. Price since approximately January 2014, and Mr. Valladares since September 2014. As such, a serious potential for conflict exists here and must be remedied.

Defense counsel argues that the potential conflict is curable by waiver and that the Court's inquiry at the September 12, 2014, hearing was sufficient to overcome any conflict or potential conflict. The Court is not similarly satisfied. Because this conflict is pervasive—it may affect the entire defense strategy—and could negatively impact both parties, the Court finds waiver to be insufficient. A district court is "allowed substantial latitude in refusing waivers of conflicts of interest not only in those rare cases where an actual conflict may be demonstrated before trial, but in the more common cases where a potential conflict exist which may not burgeon into an actual conflict as the trial progresses." *Wheat*, 468 U.S. at 163. Given the pretrial uncertainty "in determining whether to disqualify counsel for conflict of interest, the trial court is not to weigh the circumstances 'with hair-splitting nicety' but, in the proper exercise of its supervisory power over members of the bar and with a view to preventing 'the appearance of impropriety,' it is to resolve all doubts in favor of disqualification." *United States. v. Clarkson*, 567 F.2d 270, 283 n.3 (4th Cir. 1977) (citation omitted).

The "right to counsel of choice is not absolute." *Miller v. Smith*, 115 F.3d 1136, 1143 (4th Cir. 1997); *see also Wheat*, 486 U.S. at 159 (noting that "the essential aim of the [Sixth] Amendment is to guarantee an effective advocate for each criminal defendant rather than to ensure that a defendant will inexorably be represented by a lawyer whom he prefers").

Accordingly, after weighing both parties in light of the foregoing, the Court concludes that the joint representation of defendants constitutes an irreparable conflict of interest, which warrants the disqualification of Mr. Wright as their attorney.

## CONCLUSION

For the aforementioned reasons, defense counsel Steven Wright is disqualified from represented both defendants Valladares and Price in this matter. The Office of the Federal Public Defender is DIRECTED to appoint separate attorneys for each defendant.

SO ORDERED this __1__ day of October, 2014.

*Terrence W. Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE