IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:14-CR-78-1-BO
No. 7:14-CR-78-2-BO

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| VICTOR FRANCISCO VALLADARES ) | |
| JUSTICE DEVON PRICE ) | |

This matter is before the Court on defendants' motion for reconsideration. [DE 119]. For the reasons stated herein, defendants' motion is DENIED.

## BACKGROUND

On October 1, 2014, this Court issued an order disqualifying attorney Steven Wright from representing codefendants Victor Valladares and Justice Price. On October 6, 2014, defendants, through Attorney Wright, filed a motion for reconsideration, requesting that this Court find either that no actual conflict of interest exists that would disqualify him from representing both defendants, or that Attorney Wright be allowed to represent defendant Price.

## DISCUSSION

Counsel relies on the Fourth Circuit's unpublished per curiam opinion in *United States v. Edelen*, 561 Fed.App'x. 226 (4th Cir. 2014) to argue that defendants "may waive any conflict at [sic] is not so egregious that no rational defendant would knowingly and voluntarily desire the attorney's representation, or one so severe as to render this trial inherently unfair." [DE 119 at 5]. The *Edelen* court, however, specifically declined to "settle on a precise formulation of the controlling principle" of when a district court must override a defendant's otherwise valid conflict of interest. *Edelen*, 561 Fed.App'x at 233. The lawyer in *Edelen* represented an un-indicted coconspirator on an unrelated state case. This case involves a lawyer representing

1

indicted codefendants on the same case, one of whom the lawyer previously represented on a related state case. The Court does not find *Edelen* to be dispositive, given the different factual scenario. Moreover, the Court does not find that there is an actual conflict, but instead relies on the serious potential conflict as discussed in the October 1, 2014, Order. [DE 111].

The Supreme Court has specifically held that the presumption in favor of a defendant's counsel of choice "may be overcome . . . by a showing of a serious potential for conflict." *Wheat v. United States*, 486 U.S. 153, 164 (1988). While counsel argues that he has received no information from either defendant that could harm the other,

> [i]t is a rare attorney who will be fortunate enough to learn the entire truth from his own client, much less be fully apprised before trial of what each of the Government's witnesses will say on the stand. A few bits of unforeseen testimony or a single previously unknown or unnoticed document may significantly shift the relationship between multiple defendants. These imponderables are difficult enough for a lawyer to assess, and even more difficult to convey by way of explanation to a criminal defendant untutored in the niceties of legal ethics. Nor is it amiss to observe that the willingness of an attorney to obtain such waivers from his clients may bear an inverse relation to the care with which he conveys all the necessary information to them.

*Id.* at 163. The Court recognizes that the factual scenario in this case differs from the factual scenario presented by *Wheat*, however, the Court finds, in its discretion, that disqualification of counsel is appropriate. *See id.* at 163 ("[T]he district court must be allowed substantial latitude in refusing waivers of conflicts of interest.").

## CONCLUSION

For the aforementioned reasons, counsel's motion to reconsider is DENIED.

SO ORDERED this __7__ day of October, 2014.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE